# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA S. HEADRICK, #B83368, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 25-cv-00180-JPG |
| ) | |
| JEROD GOTT, ) | |
| NATHAN MOORE, and ) | |
| CITY OF HARRISBURG, ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of Plaintiff Joshua Headrick's First Amended Complaint[1] (Doc. 33) filed on June 5, 2025. Plaintiff brings this action under 42 U.S.C. § 1983 for constitutional deprivations stemming from his allegedly unlawful arrest on June 16, 2022 and the lengthy prosecution that followed. After a jury found him not guilty, Plaintiff filed this lawsuit for money damages against the defendants for violating his rights under the Fourth and Fourteenth Amendments.

Because Plaintiff was incarcerated at the time he filed this action, the First Amended Complaint is now subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out any portion that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant. 28 U.S.C. § 1915A(a)-(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] The First Amended Complaint (Doc. 33) supersedes and replaces all prior versions (Docs. 1, 10, and 22) and renders them **VOID**.

1

## The Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 33): Officer Jerod Gott planted false evidence on Plaintiff during a purported investigation by Harrisburg Police Department on or around June 16, 2022. *Id*. at ¶ 10. At the time, Officer Gott's body camera was not recording. *Id*. at ¶ 11. Based on the evidence, Plaintiff was arrested and charged with criminal offenses he did not commit. *Id*. at ¶ 12. He endured more than a year of criminal prosecution, which caused him to suffer mental, emotional, reputational, and financial harm. *Id*. at ¶ 13. The evidence introduced at trial demonstrated that Officer Gott's allegations were unsubstantiated and that key pieces of evidence were fabricated or manipulated. *Id*. at ¶ 15. Following a jury trial, Plaintiff was found not guilty on September 5, 2023. *Id*. at ¶ 14.

Plaintiff claims that Officer Gott's actions violated his right to be free from unreasonable seizure and deprived him of liberty without due process. *Id*. at ¶ 16. Chief of Police Nathan Moore knew or should have known about Officer Gott's history of misconduct and the misconduct of other officers, and he failed to adequately supervise, train, or discipline them. *Id*. at ¶ 17. Finally, the City of Harrisburg maintained a policy, custom, or practice of failing to investigate, discipline, or supervise officers who engaged in misconduct, and this was a moving force behind the violation of Plaintiff's rights. *Id*. at ¶ 18.

Plaintiff sets forth the following claims in the First Amended Complaint (Doc. 33):

**Count 1:** Fourth and Fourteenth Amendment claims against Officer Gott for planting false evidence on Plaintiff during an investigation and causing him to be seized and prosecuted without probable cause on or around June 16, 2022.

**Count 2:** Fourth and Fourteenth Amendment claim against Chief Moore and City of Harrisburg for failing to train, supervise, or discipline officers, like Officer Gott, despite a pattern of unconstitutional conduct by them.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by this Court.  **Any other claim mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

### Discussion

### Count 1

The Fourth Amendment guards against unreasonable searches and seizures, *see* U.S. CONST. amend IV, and provides the proper avenue for challenging the lawfulness of an arrest. *Alexander v. McKinney*, 692 F.3d 553, 557 (7th Cir. 2012) (citing *Albright v. Oliver*, 510 U.S. 266, 275 (1994)).  Plaintiff's allegations suggest that he was arrested without probable cause based on fabricated evidence on or around June 16, 2022, and a jury found him not guilty based on the fabricated and manipulated evidence on September 5, 2023.  The Fourth Amendment claim shall receive further review against Officer Gott.

The Fourteenth Amendment guards against deprivations of liberty without due process, *see* U.S. CONST. amend XIV.  The Seventh Circuit has held that a "police officer who manufactures evidence against the criminal defendant violates due process if that evidence is later used to deprive the defendant of [his] liberty in some way."  *Whitlock v. Brueggemann*, 682 F.3d 567, 580 (7th Cir. 2012).  In the First Amended Complaint, Plaintiff describes no deprivation of liberty, such as time spent in confinement while awaiting trial or in prison following a conviction.  Plaintiff only alleges that he was arrested and found not guilty following a jury trial more than a year later.

The initial arrest does not support a claim for deprivation of liberty.  *Alexander*, 692 F.3d at 557 (no liberty deprivation came from initial arrest and release on bond the same day).

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's attendance at trial also supports no claim for a liberty deprivation. *See id*. at 557, n.2 ("[T]he purpose of the trial is to *effectuate* due process."). And, Plaintiff describes no time spent in confinement after his initial arrest. *Id*. at 557 (citing *Zahrey v. Coffey*, 221 F.3d 342, 348 (2d Cir. 2000) (liberty deprivation arose from eight months spent in jail after bail revoked); *Whitlock*, 682 F.3d at 585 (liberty deprivation stemmed from several years spent in prison after being wrongfully convicted)). A due process violation arises from use of fabricated evidence to secure a conviction, and not merely from its use at trial. *Saunder v. City of Chicago*, 2014 WL 3535723, *4 (N.D. Ill. July 11, 2024). The First Amended Complaint falls short of articulating a Fourteenth Amendment due process claim based on a liberty deprivation against Officer Gott, so it shall be dismissed without prejudice.

**Count 2**

To establish liability against the City of Harrisburg and Chief of Police Moore, in an official capacity, the plaintiff must show that: (1) he suffered a deprivation of a federal right; (2) as a result of an express municipal policy, widespread custom, or deliberate act of a decisionmaker with final policymaking authority for the city, which (3) proximately caused his injury. *Ovadal v. City of Madison, Wisc.*, 416 F.3d 531, 535 (7th Cir. 2005) (citing *Monell v. Dept. of Soc. Servs. of New York*, 436 U.S. 658 (1978)). Plaintiff alleges that the defendants overlooked a "pattern of unconstitutional conduct"[3] by officers, including Officer Gott, when failing to supervise, train, or discipline them. The allegations offered in support of this claim describe no pattern of misconduct by Officer Gott or any other officers. The allegations are nothing more than threadbare recitals of the elements of this cause of action supported by conclusory statements. As such, they support no

---

[3] To determine whether a plaintiff has sufficiently pleaded a widespread custom theory under *Monell*, the Court considers "the instances of misconduct alleged, the circumstances surrounding the alleged constitutional injury, and additional facts probative of a widespread practice or custom." *Williams v. City of Chicago*, 315 F. Supp. 1060, 1079 (7th Cir. 2018).

claim against the City of Harrisburg or Chief of Police.  Count 2 shall be dismissed without prejudice against both defendants.

### Disposition

The First Amended Complaint (Doc. 33) survives review under 28 U.S.C. § 1915A, as follows: **COUNT 1 (Fourth Amendment claim)** will proceed against **JEROD GOTT**, in an individual capacity.

However, **COUNT 1** is otherwise **DISMISSED without prejudice** against **JEROD GOTT** for failure to state a claim, and **COUNT 2** is **DISMISSED without prejudice** against **CITY OF HARRISBURG, ILLINOIS** and **NATHAN MOORE** for failure to state a claim.

**The Clerk of Court is DIRECTED to TERMINATE the CITY OF HARRISBURG, ILLINOIS and NATHAN MOORE as parties in the Court's Case Management/Electronic Case Filing ("CM/ECF") system.**

With respect to **COUNT 1,** the Clerk of Court shall prepare for **JEROD GOTT**, in his individual capacity: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 33), and this Memorandum and Order to the Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as

directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint (Doc. 33) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendant need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. §§ 1915(f)(1), (2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: 8/7/2025**

    s/J. Phil Gilbert
    **J. PHIL GILBERT**
    **United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your First Amended Complaint. After service has been achieved, the defendant will enter an appearance and file an Answer to your First Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When the defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**