**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JOSHUA S. HEADRICK, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 25-cv-00180-JPG** |
| | ) | |
| ERIC GOTT, | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is now before the Court for case management.  As explained in more detail below, Plaintiff Joshua S. Headrick has failed to comply with multiple court orders and failed to prosecute his claims in this case.  Accordingly, this action shall be **DISMISSED without prejudice**.  *See* FED. R. CIV. P. 41(b).

**Discussion**

On February 6, 2025, Plaintiff commenced the underlying action by filing a Complaint under 42 U.S.C. § 1983 for constitutional deprivations stemming from his allegedly unlawful arrest on June 16, 2022 and the lengthy prosecution that followed.  After a jury found him not guilty, Plaintiff filed this lawsuit for money damages for violations of his rights under the Fourth and Fourteenth Amendments.  The First Amended Complaint (Doc. 33) survived review under 28 U.S.C. § 1915A, and Plaintiff was allowed to proceed with a Fourth Amendment claim against Defendant Jerod Gott, in an individual capacity (Doc. 35).  All other claims and defendants were dismissed without prejudice.  *Id*.

Defendant Gott was sent a request for Waiver of Service of Summons (Doc. 36), and it was due September 8, 2025.  When the Waiver was returned unexecuted, summons was issued on

1

October 14, 2025 (Doc. 39).  Defendant Gott was served November 4, 2025, and his answer was due November 25, 2025 (Doc. 40).  Defendant Gott failed to move, answer, or otherwise plead in response to the First Amended Complaint (Doc. 33), and the Court *sua sponte* extended the deadline to January 5, 2026 (Doc. 41).  When Defendant Gott still did not answer, the Court entered an Order directing the Clerk's Entry of Default on February 4, 2026 (*see* Docs. 43 and 44).

Plaintiff failed to move for default judgment, so the Court entered the following Order to Show Cause on March 13, 2026:

> ORDER TO SHOW CAUSE. Plaintiff filed this action and served Defendant Jerod Gott on November 4, 2025. The defendant did not answer or respond in a timely manner, so the Court directed entry of default on February 4, 2026. The Clerk of Court entered default against the defendant on February 5, 2026. However, Plaintiff has not moved for default judgment pursuant to Federal Rule of Civil Procedure 55(b). The Court hereby ORDERS Plaintiff to SHOW CAUSE on or before April 3, 2026, why this case should not be dismissed for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to manage its docket. See In re Bluestein & Co., 68 F.3d 1022, 1025 (7th Cir. 1995). Failure to respond in a timely manner to this order may result in dismissal of this action. Plaintiff's filing of a proper motion for default judgment shall be a satisfactory response to this order to show cause.

(Doc. 46).  Attorney Kacey Eisenhauer filed a Motion to Amend or Correct First Amended Complaint on Plaintiff's behalf on April 3, 2026 (Doc. 47).  In the motion, Plaintiff sought permission to substitute "Eric Gott" in place of "Jerod Gott" in a Second Amended Complaint. The Court granted the motion on April 6, 2026.  Plaintiff was ordered to file the Second Amended Complaint in CM/ECF and serve Defendant Gott with this lawsuit without delay (Doc. 49).

When Plaintiff failed to do either, the Court entered the following Order to Show Cause on April 28, 2026:

> ORDER TO SHOW CAUSE: Plaintiff was granted leave to file a Second Amended Complaint on April 6, 2026. The Court ordered Plaintiff to file the Second Amended Complaint in CM/ECF instanter and SERVE Defendant Gott with this lawsuit without delay. To date, Plaintiff has neither filed the Second Amended Complaint in CM/ECF nor filed proof of his efforts to serve Defendant Eric Gott. On or before MAY 12, 2026, Plaintiff is thus ORDERED TO SHOW CAUSE why this case should not be dismissed for

failure to comply with a Court Order and/or prosecute his claims. Plaintiff is WARNED that failure to satisfy this Order by the deadline will result in dismissal of this action. See Fed. R. Civ. P. 41. Show Cause Response due by 5/12/2026.

(Doc. 50). Plaintiff once again failed to comply with the Court's Order, and the Court entered a Notice of Impending Dismissal on May 20, 2026 (Doc. 51). Plaintiff was warned that the entire action would be dismissed, if he did not file the Second Amended Complaint (Doc. 47-1) in CM/ECF, serve this lawsuit on Eric Gott, and submit proof of service in this matter on or before June 10, 2026; alternatively, Plaintiff could file a written statement explaining why he had not yet done so. *Id*. Plaintiff did not respond.

Dismissal of this action is now warranted based on Plaintiff's ongoing failure to comply with this Court's Orders (Docs. 49, 50, and 51) to file the Second Amended Complaint in CM/ECF, serve Defendant Gott with this lawsuit, and file proof of service with the Court. Under Federal Rule of Civil Procedure 41(b), a defendant may seek dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the[ ] rules or a federal court order." *See* FED. R. CIV. P. 41(b). A district court also has inherent authority to dismiss an action *sua sponte* for want of prosecution. *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998); *Harrington v. City of Chicago*, 433 F.3d 542 (7th Cir. 2006); *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663 (7th Cir. 2006). Dismissal is one of several tools a court may use "to achieve the orderly and expeditious disposition of cases." *Williams*, 155 F.3d at 857 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Given the circumstances presented here, the Court deems it appropriate to dismiss this case without prejudice for Plaintiff's noncompliance with the Court's Orders at Docs. 49, 50, and 51. By failing to comply with these Orders and taking no other action to move this case forward, Plaintiff has demonstrated his abandonment of his claims herein against Defendant Gott. *See* FED. R. CIV. P. 41(b).

## Disposition

**IT IS ORDERED** that, for the reasons set forth above, this action is **DISMISSED** without prejudice based on Plaintiff's failure to comply with the Court Orders at Docs. 49, 50, and 51 and his failure to prosecute his claims against Defendant Gott. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. If the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike."

A proper and timely motion seeking reconsideration of this Order and filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 6/23/2026**

_____
**J. PHIL GILBERT**
**United States District Judge**

4